UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

P. BRUCE EASTER, D.D.S.,

     Plaintiff,

v.                  Case No: 2:23-cv-52-JES-KCD

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

     Defendant.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Unum Life Insurance Company of America's (UNUM or Defendant) Motion for Partial Summary Judgment (Doc. #45) and Request for Oral Argument (Doc. #46) filed on May 10, 2024. P. Bruce Easter, D.D.S., (Easter or Plaintiff) filed Responses (Docs. ##53, 54) on June 7, 2024. UNUM filed a Reply (Doc. #56) on June 21, 2024. For the reasons set forth below, the motion is granted and the request for oral argument is denied.

**I.**

    Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us,

Inc., 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A court must decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(quoting Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant

summary judgment." <u>Allen v. Bd. of Pub. Educ.</u>, 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Easter filed a claim with UNUM, the issuer of his long-term disability insurance policy, asserting he was disabled since December 21, 2019 and unable to continue practicing dentistry. UNUM initially determined he was totally disabled pursuant to the policy and started to pay him benefits. But UNUM kept evaluating the claim and later denied Easter coverage:

> Based on our review of the medical documentation in your file, we have determined that neither [an] injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation. As such, you are no longer disabled according to the policy as of September 30, 2022. Benefits are no longer payable and your claim has been closed.

(Doc. #41-12, p. 88.)[1] Easter disagreed and this breach-of-contract action followed.

UNUM now moves for "partial summary judgment on the issue of whether Easter is entitled to benefits for any alleged disability involving shoulder or other related orthopedic issues [since] he has failed to comply with the policy provision requiring him to

---

[1] UNUM labeled this exhibit as "Exhibit 1-Part 11." However, the exhibit appears on the Court's CM/ECF system as Exhibit 12. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

receive medical care . . . ." (Doc. #45, p. 1.) In response, "[Easter] concedes that [UNUM] is entitled to partial summary judgment on [Easter]'s claim of disability based on his sub-scapular/shoulder pain complaints but contends that partial summary judgment should be denied to the extent that [UNUM] is attempting to apply that to the physical manifestations of [Easter]'s psychiatric disability namely his complaints of shakiness/motor tics in his upper extremities and right hand." (Doc. #54, p. 14.)

### III.

According to the policy, total disability means:

1. injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation; and
2. you are receiving medical care from someone other than yourself which is appropriate for the injury or sickness. We will waive this requirement when continued care would be of no benefit to you.

(Doc. #22-1, p. 12.) It is the second clause, commonly known as a 'care and attendance' clause, that UNUM contends Easter cannot satisfy since there is no evidence of Easter receiving any treatment for any right shoulder/back pain. Easter indeed concedes the issue because he did not "receive regular care from a physician for" this alleged ailment. (Doc. #54, p. 11.) Therefore, partial summary judgment is warranted as to the claim for disability benefits under the policy based on right shoulder/back pain.

The only contested issue seems to be whether "a claim for 'motor tics' and 'shakiness' suffers from the same deficiencies of lack of appropriate care . . . ." (Doc. #56, p. 2.) The disagreement seems to stem from whether any motor tic or shakiness comes from a "neurological condition," as UNUM posits, (id.), or a "psychiatric [condition] and its physical manifestations," as Easter posits. (Doc. #54, p. 2.) If it is a neurological condition, Easter's lack of treatment from a neurologist might have violated the policy's care and attendance clause. But if it is a psychiatric condition, the evidence shows that Easter has consistently received treatment by psychiatrists, so the care and attendance clause is at least arguably satisfied. Whether Easter suffers from a psychiatric or neurological condition is a genuine issue of disputed material fact, making summary judgment on this particular issue inappropriate.

At bottom, this partial summary judgment order forecloses Easter's right shoulder/back disability theory but it "does not foreclose his claim for physical manifestations of [any] psychiatric disability[,] namely motor tics/shakiness . . . ." (Doc. #54, p. 1.) The request for oral argument on the motion is denied since it was not needed to resolve this motion.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Partial Summary Judgment (Doc. #45) is **GRANTED** to the extent the claim for disability benefits under the policy is based on right shoulder/back pain.

2. Defendant's Request for Oral Argument (Doc. #46) is **DENIED**.

   **DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of August, 2024.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record