```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

P. BRUCE EASTER, D.D.S.,

      Plaintiff,

v.                                  Case No:  2:23-cv-52-JES-KCD

UNUM LIFE INSURANCE COMPANY
OF AMERICA,

      Defendant.
_____

## OPINION & ORDER

This matter comes before the Court on Unum Life Insurance Company of America's (UNUM or Defendant) Daubert Motion to Exclude the Expert Testimony of Dr. John Lawrence Merritt (Doc. #44) filed on May 10, 2024. P. Bruce Easter, D.D.S., (Easter or Plaintiff) filed a Response (Doc. #52) on June 7, 2024. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

The Court recently summarized this action in an Order on a motion for partial summary judgment:

> Easter filed a claim with UNUM, the issuer of his long-term disability insurance policy, asserting he was disabled since December 21, 2019 and unable to continue practicing dentistry. UNUM initially determined he was totally disabled pursuant to the policy and started to pay him benefits. But UNUM kept evaluating the claim and later denied Easter coverage:

> Based on our review of the medical documentation in your file, we have determined that neither [an] injury or sickness restricts your ability to perform the material and substantial duties of your regular occupation to an extent that prevents you from engaging in your regular occupation. As such, you are no longer disabled according to the policy as of September 30, 2022. Benefits are no longer payable and your claim has been closed.
>
> (Doc. #41-12, p. 88.)[1] Easter disagreed and this breach-of-contract action followed.

(Doc. #57, p. 3.)

Easter's only remaining disability theory is anxiety. (See id.) The theory is advanced by a Dr. Delaney, and as Easter himself puts it, "the posture repeatedly assumed by dentists can cause pain which then increases [Easter]'s anxiety symptoms which then cause[] his tremors and tics." (Doc. #52, p. 5.) Easter asserts that this results in his total disability under the policy, and he is thus entitled to the policy benefits.

UNUM now moves to "exclude any testimony by . . . Dr. John Lawrence Merritt . . . on topics included in Plaintiff's Expert Report or, in the alternative, . . . a Daubert hearing to consider these matters." (Doc. #44, p. 1.) Easter agrees to the exclusion of Dr. Merritt's testimony except as to two topics: Dr. Merritt's observation of Easter's "shakiness/motor tics" and "as

---

[1] UNUM labeled this exhibit as "Exhibit 1-Part 11." However, the exhibit appears on the Court's CM/ECF system as Exhibit 12. The Court will cite each exhibit herein by the numerical number assigned to it by the Court's CM/ECF system.

to the ergonomic challenges faced by dentists which has bearing on the symptoms suffered by [Easter]." (Doc. #52, pp. 4-5.)

## II.

Admission of expert opinion evidence is governed by Fed. R. Evid. 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702 (eff. Dec. 1, 2023). In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993), the Supreme Court held that the trial court has a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(en banc).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry.

Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir. 2004), abrogated on other grounds by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1258 n.7 (11th Cir. 2010). In short, "the expert must be qualified; his methodology must be reliable; and his testimony must be helpful to the trier of fact." Doe v. Rollins Coll., 77 F.4th 1340, 1347 (11th Cir. 2023). "The proponent of the expert testimony bears the burden of establishing each requirement by a preponderance of the evidence . . . ." Id.

"Even expert testimony which satisfies these three requirements, however, may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming." Frazier, 387 F.3d at 1263. The admission of expert testimony is a matter within the discretion of the trial court. Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

**III.**

The Court addresses both aspects of Dr. Merritt's anticipated testimony separately.

**A. Dr. Merritt's observations of plaintiff**

Dr. Merritt's testimony as to any shakiness/motor tics he personally observed during his December 4, 2023, examination of Easter is not expert testimony. The Eleventh Circuit has said that "distinguishing between lay and expert testimony is an important" consideration in Daubert analyses, Williams v. Mast Biosurgery USA, Inc., 644 F.3d 1312, 1317 (11th Cir. 2011), and this case highlights why that is so. "The ability to answer hypothetical questions is '[t]he essential difference' between expert and lay witnesses." Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC, 71 F.4th 894, 906 (11th Cir. 2023)(quoting United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005)). While an expert can answer hypothetical questions, "a lay witness can only speak to what he in fact observed." Id.

"Of course, a properly disclosed and qualified expert can testify as both an expert and a fact witness." Id. at 907. But the proffered expert testimony is subject to a Daubert analysis while lay or fact testimony is not. See United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005); Wilson v. Taser Int'l, Inc., 303 F. App'x 708, 712-13 (11th Cir. 2008)("Testimony

regarding his diagnosis of the injury itself . . . would be permissible as lay testimony without the Daubert analysis, but [the doctor's] statement about the cause of the injury was an hypothesis" subject to the Daubert analysis.).[2] In other words, "[t]hese cases make clear that, when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of Daubert." Mast Biosurgery USA, Inc., 644 F.3d at 1317–18.

Here, this portion of Dr. Merritt's testimony is being offered only for what he observed when he examined Easter—namely, that he observed Easter's alleged tics/shakiness. And "a physician's observation of a patient's injury during treatment is permissible lay testimony (assuming it is otherwise admissible)." Travelers Prop. Cas. Co. of Am., 71 F.4th at 907. Thus, none of UNUM's Daubert arguments apply to or prevent Dr. Merritt from testifying as to what he saw while examining Easter. There is no need for Dr. Merritt to be a psychiatrist or to have supporting and contemporaneous medical records to recount what he observed. Nor are UNUM's cited social security cases analyzing

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

whether administrative law judges "improperly discounted the **opinions** of" doctors applicable to Dr. Merritt's anticipated testimony. Adzima v. Comm'r of Soc. Sec., No. 6:09-CV-1734-ORL-DAB, 2010 WL 5174495, at *5 (M.D. Fla. Dec. 15, 2010)(emphasis added); see also Rosenburg v. Comm'r of Soc. Sec., No. 6:07-CV-1510-ORL-19D, 2008 WL 4186988 (M.D. Fla. Sept. 8, 2008); Sileo v. Comm'r of Soc. Sec., No. 8:08-CV-1235-T-TGW, 2009 WL 3055310(M.D. Fla. Sept. 24, 2009).

The Court determines that Dr. Merritt's proffered testimony concerning what he observed in evaluating Easter is not prohibited by Daubert. This portion of UNUM's motion is denied.

**B. Ergonomics of a dental practice**

Plaintiff seeks to have Dr. Merritt testify as an expert witness "regarding the issue of dental ergonomics and its effect on [Easter]'s condition." (Doc. #52, p. 2.) UNUM contends that this portion of Dr. Merritt's proffered testimony fails Daubert's three-prong test. (Doc. #44, p. 10.)

For the first prong, Easter bears the burden of establishing by a preponderance of the evidence that Mr. Merritt "is *qualified* as an expert," which he can do by showing Dr. Merritt "is the type of person who should be testifying on the matter at hand." Moore v. Intuitive Surgical, Inc., 995 F.3d 839, 852 (11th Cir. 2021). "[E]xpert status may be based on 'knowledge, skill,

- 7 -

experience, training, or education.'" Frazier, 387 F.3d at 1261 (quoting Fed. R. Evid. 702).

Nowhere in his brief does Easter directly address Dr. Merritt's knowledge, skill, experience, training, education, or overall qualifications to speak on dentistry ergonomics. In the cover of his report, Dr. Merritt asserts he is board certified in brain injury medicine, spinal cord injury medicine, physical medicine and rehabilitation, and in internal medicine. (Doc. #41-14, p. 1.) But neither he nor Easter ever identify Dr. Merritt as an ergonomics expert or explain how his various board certifications make Dr. Merritt qualified to speak on ergonomics. As other district courts have warned, "doctors are [not] qualified experts on every medical subject merely because they wear white coats." Erickson v. Baxter Healthcare, Inc., 131 F. Supp. 2d 995, 999 (N.D. Ill. 2001). The Court finds that Easter fails to establish Dr. Merritt's qualification to speak on dentistry ergonomics.

As to the second prong, the non-exhaustive factors a court considers in ascertaining the reliability of scientific expert opinion are: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Quiet Tech.

DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003)(citing McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002)). The "basic foundation for admissibility" is that the expert's opinions be firmly supported "by appropriate validation." Frazier, 387 F.3d at 1261.

Easter seeks to establish Dr. Merritt's reliability by pointing out that "his report attached citations to a number of articles pertaining to the physical loads on dentists," including one apparent peer-reviewed article authored by Dr. Merritt himself in 1987. (Doc. #52, pp. 5-6)(citing Doc. #41-14, p. 28.) But the citation of the articles alone fails to establish that Dr. Merritt is qualified or that his methodology is reliable. For one, Easter's lawyers emailed these articles to Dr. Merritt before his report was published. (See Doc. #41-15, pp. 8-10.) Dr. Merritt then based his conclusions on the same exact articles when he published his report days later. (Compare id. at p. 10 with, Doc. #41-14, p. 28.)  Reliability is not established.

Furthermore, Easter's brief and Dr. Merritt's report only illustrate his ergonomic conclusions. Neither discuss any principles, methodologies, or ideas advanced in the articles or otherwise, much less how they were applied by Dr. Merritt to reach an ergonomic conclusion on Easter. And "[w]hile the inquiry [as to the second prong] is 'a flexible one,' *the focus* 'must be solely on principles and methodology, not on the conclusions that

they generate.'" Chapman v. Procter & Gamble Distrib., LLC, 766 F.3d 1296, 1305 (11th Cir. 2014) (quoting Daubert, 509 U.S. at 594-95). For Dr. Merritt to be found reliable, there must be "some rational connection between the methodology and the opinion—something that explains how the application of the methodology permits the conclusion(s) reached." Doe v. Rollins Coll., 77 F.4th 1340, 1349 (11th Cir. 2023). No application or rational connection is offered here. Easter essentially asks the Court to find Dr. Merritt reliable solely based on his conclusions, something the Eleventh Circuit has made clear it cannot do. Easter fails to establish the second prong for the admission of expert testimony.

Assuming arguendo that Dr. Merritt is a qualified and reliable expert on dentistry ergonomics, Easter nonetheless fails to establish the third prong—that Dr. Merritt's proffered testimony helps the trier of fact. This requirement asks "whether that reasoning or methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at 593. Commonly referred to as the "helpfulness" inquiry, expert testimony can properly be applied and is helpful if it relates to any issue in the case and if it concerns matters that are beyond the understanding of an average lay person. Prosper v. Martin, 989 F.3d 1242, 1249 (11th Cir. 2021).

Here, Dr. Merritt seeks "to testify regarding the issue of dental ergonomics and its effect on [Easter]'s condition." (Doc. #52, p. 2.) But as Easter himself admits, he "retained Dr. John Merritt, M.D. to determine whether there was a physical basis for his disability" and Dr. Merritt concluded "that Plaintiff suffers from a persistent motor tic disorder on the movement disorder spectrum that in the nature of a neurological disorder," a theory that Easter himself states he withdraws. (Doc. #52, pp. 3-4.) Easter's current theory "maintains that the shakiness/motor tics are a physical manifestation of a psychiatric condition which Dr. Delaney can speak to." (Id. at 4.) Easter fails to establish by a preponderance of the evidence that Dr. Merritt's testimony would be helpful to the trier of fact, especially considering that his theory has been withdrawn and another proposed and an unchallenged expert—Dr. Delaney—is available to testify as to Easter's current theory.

Easter fails to establish any of the three Daubert requirements by a preponderance of the evidence as to Dr. Merritt.³ Dr. Merritt can offer lay testimony as to what he observed when examining Easter, but no expert testimony.

---

³ UNUM's alternative relief of a Daubert hearing is therefore unnecessary. See Cook ex rel. Est. of Tessier, 402 F.3d at 1114 ("Because this is not a 'complicated case[ ] involving multiple expert witnesses"—Dr. [Merritt] was the only proffered expert [at issue]—we cannot conclude that the district court abused its discretion by not holding a Daubert hearing." (quoting United

Accordingly, it is hereby

**ORDERED**:

Defendant's Daubert Motion to Exclude the Expert Testimony of Dr. John Lawrence Merritt (Doc. #44) is **GRANTED in part and DENIED in part**. Dr. Merritt may offer lay testimony as to what he observed when examining Easter but no expert opinion.

**DONE and ORDERED** at Fort Myers, Florida, this __12th__ day of August, 2024.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

JUDGE
Copies:
Counsel of Record

---

States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001))).